United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Lemire Schmeglar,<br><br>                                     Debtors. | |
| Lemire Schmeglar,<br><br>                          Interpleader Plaintiff<br><br>v.<br><br>PHM Financial, Inc. d/b/a PHM Financial Services,<br><br>DLJ Mortgage Capital Inc.,<br><br>Mortgage Electronic Registration Systems Inc.,<br><br>U.S. Bank N.A. as Trustee for Credit Suisse First Boston ARMT 2005-5,<br><br>U.S. Bank N.A. as Trustee for Adjustable Rate Mortgage 2005-5, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-5,<br><br>Wells Fargo Bank, N.A.,<br><br>Credit Suisse First Boston Mortgage Securities Corp., Adjustable Rate Mortgage 2005-5<br><br>                          Interpleader Defendants. | Bankruptcy No. 12-bk-42283<br><br>Chapter 13<br><br>Adversary No. 14-ap-121 |

## MEMORANDUM OPINION ON MOTION FOR JUDGMENT ON THE PLEADINGS

Lemire Schmeglar, ("Schmeglar") owns a home located at 2715 N. Paulina in Chicago, IL. On October 24th, after a judgment of foreclosure, but before a foreclosure sale took place, Debtor filed for relief under Chapter 11. A plan of reorganization ("Plan") was confirmed on July 8, 2013, and an order was entered granting a final decree. The Plan provided that Schmeglar would not pay US Bank on its asserted first mortgage until after the validity of its lien was finally adjudicated. Schmeglar filed this interpleader as an adversary proceeding to determine what party is entitled to payment. Schmeglar is depositing mortgage payments into escrow pending that determination.

Several defendants, US Bank, N.A., as Trustee for Credit Suisse First Boston ARMT 2005-5 ("US Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Wells Fargo Bank, N.A. ("Wells Fargo," collectively the "Interpleader Defendants") filed the pending motion for judgment on the pleadings under Rule 12(c)(1), claiming that the documents attached to

Schmeglar's complaint demonstrate that the mortgagee creditor is US Bank N.A., and Wells Fargo Bank is its servicer.

## FACTS AS PLEADED

In a motion for judgment on the pleadings, the facts as alleged are viewed in the light most favorable to the nonmoving party. *Emergency Services Billing Corp., Inc. v. Allstate Ins. Co.*, 668 F.3d 459, 464 (7th Cir. 2012). Accordingly, the following facts are as pleaded in the complaint.

Lemire Schmeglar is the owner of a residence at 2715 North Paulina in Chicago, Illinois. In order to finance the purchase of his home, he took out a loan for $875,000 with PHM Financial Inc., d/b/a PHM Financial Services, d/b/a Professional Home Mortgage ("PHM"), secured by a mortgage on his home. At the closing on the Property, Schmeglar's loan was transferred to Mortgage Electronic Registration Service, Inc. ("MERS") as the "nominee" for the lender, PHM. Schmeglar alleges that MERS does not own the mortgage as a result of the transfer. On September 7, 2011, MERS purportedly transferred the mortgage to Adjustable Rate Mortgage Trust 2005-5 Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-5 ("ARMT 2005-5 ARMBPTC"). Schmeglar alleges that the transfer to ARMT 2005-5 ARMBPTC was ineffective. US Bank Trust is trustee for ARMT 2005-ARMBPTC. Wells Fargo is listed as the servicer by the pooling agreement, as well as by MERS. Wells Fargo further represented that it was the servicer of the mortgage on behalf of U.S. Bank. Schmeglar has been unable to determine who is the owner of the Mortgage and the Note, allegedly because of conflicting representations by America's Servicing Corporation, as an agent of Wells Fargo.

Schmeglar claims that he does not know who is entitled to payments on the mortgage and note, but believes that the proper party to pay is Credit Suisse First Boston Mortgage Backed Securities Corp.

On September 26, 2012, the Cook County Circuit Court entered an order for judgment of foreclosure in favor of US Bank National Association, as Trustee for Credit Suisse First Boston ARMT 2005-5, against Schmeglar and other defendants. (2011 CH 34711.) However, Schmeglar filed his bankruptcy case before foreclosure sale was held, and no judgment was entered affirming any sale. Therefore the judgment is not final under Illinois law.

Further relevant facts appear in the discussion below.

## DISCUSSION

### JURISDICTION

Jurisdiction lies over this motion for judgment on the pleadings in this adversary proceeding is provided by 28 U.S.C. § 1334. The matter is referred here by Internal Procedure 15(a) of the District Court for the Northern District of Illinois. This adversary proceeding seeks to determine the extent of a lien and therefore, and is therefore core under 28 U.S.C. § 157(b)(2)(K). Under terms of the confirmed Chapter 11 Plan, the party entitled to payment on the mortgage note must be determined before the reorganized debtor is to make payments on the note. Therefore, this matter "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### JUDGMENT ON THE PLEADINGS

Rule 12(c) provides that a party may move for judgment on the pleadings. Rule 12(c), F.R.C.P; Rule 7012 F.R. Bankr. P. "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449 (7th Cir. 1998) (citing Rule 10(c), F.R.C.P.). As with Rule 12(b) motions, the facts alleged in the pleadings are viewed in the light most favorable to the nonmoving party. *Emergency Services Billing Corp., Inc. v. Allstate Ins. Co.*, 668 F.3d 459, 464 (7th Cir. 2012).

The defendants argue that they are entitled to judgment on the pleadings because Schmeglar does not have standing to assert the alleged defects in the transfers of the mortgage and note. Schmeglar argues that the defendants cannot assert lack of standing on a motion for judgment on the pleadings. In the Seventh Circuit, a motion for judgment on the pleadings is the proper vehicle for dismissing a lawsuit on the basis of an affirmative defense shown by the pleadings even before discovery commences. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citing *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009).). For example, dismissal based on the statute of limitations is proper under Rule 12(c) when the dates are set forth unambiguously in the complaint. *Brooks v. Ross*, 758 at 579. The affirmative defense argued by the defendants, lack of standing, does not depend on any allegations of fact raised in the affirmative defense. The only facts necessary for deciding that affirmative defense are in the complaint and the documents attached thereto. Accordingly, dismissal based on that affirmative defense is proper as long as the facts alleged in and documents attached to the pleading, viewed in the light most favorable to Schmeglar, warrant judgment in favor of the defendants. But that is not the case here.

### WHO IS ENTITLED TO PAYMENT?

The Interpleader Defendants argue at length that Schmeglar is not entitled to challenge the transfers because he is a not a party to, nor is he a third-party beneficiary of, the Pooling and Servicing Agreement. Even assuming *arguendo* that Schmeglar would not have standing to challenge the assignments, judgment in favor of the Interpleader Defendants would nevertheless be improper unless the facts alleged in the complaint and the documents attached thereto entitle them to judgment. The Interpleader Defendants are not entitled to judgment because the pleadings and attachments do not show what party is entitled to payment.

Exhibit A to the complaint contains a copy of the Mortgage granted by Schmeglar to PHM Financial Incorporated D.B.A. PHM Financial Services. It is signed by Schmeglar, and notarized. There is also an Adjustable Rate Rider, and a Prepayment Rider, both signed. All three instruments make reference to a "Note," though no note is attached. Nothing in the Mortgage gives MERS the right to collect payment. Rather, the Mortgage provides that "Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note." (Mortgage in Exhbit A, at p. 3 of 14 ¶ 1).

Exhibit B is a Corporate Assignment of Mortgage, which states that MERS, as nominee for PHM, assigned the Mortgage to US Bank National Association, as trustee for ARMT 2005-5 ARMBPTC. Under Illinois law, an agent of the noteholder, such as a nominee under an assignment of the mortgage is entitled to bring a foreclosure under its own name. MERS v. Barnes, 406 Ill. App. 3d, 1, 7 (1st Dist. 2010). But the issue of who is entitled to foreclose on a mortgage is independent from the issue of who is entitled to payment on a note, and the Corporate Assignment of Mortgage does not purport to assign the any note.

Exhibit B also contains a copy of the Adjustable Rate Note, which was missing from Exhibit A. It is followed by an Allonge to Note, which provides "Pay to the order of" followed by a blank space, followed by "Without Recourse, PHM Financial Incorporated, DBA Professional Home Mortgage," signed by Jaime Hurtado, whose title is Asst. Secretary. Where an indorsement does not identify a person to whom the note is made payable, it is "indorsed in blank." 810 ILCS 5/3-205(b) An instrument indorsed in blank is payable to the bearer, and may be negotiated merely by transfer of the note. Id.

The Uniform Commercial Code as adopted in Illinois provides that, "For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is part of the instrument." 810 ILCS 5/3-204. Illinois courts have not ruled on whether an allonge is "affixed" under the meaning of § 3-204 of the UCC. However, multiple Courts interpreting

4

similar provisions have held that stapling an allonge containing an indorsement to an instrument at the time of signing meets the requirement. *HSBC Bank USA v. Thompson*, No. 23761 (Ohio Ct. App. Sept. 3, 2010); *Sw. Resolution Corp. v. Watson*, 964 S.W.2d 262 (Tex. 1997). The *Watson* opinion traced the history of changes in the UCC language from "attached thereto" to "firmly affixed" to merely "affixed" and concluded that an allonge may be attached to instruments with staples. 964 S.W.2d at 263-264.

However, the complaint does not allege, nor do the exhibits show, what party is presently in physical possession of the original Note. At one point in the proceedings, an attorney for these Interpleader Defendants waved what he claimed was an original note in the air and claimed that it was indorsed in blank and possessed by his client. The Interpleader Defendant's reply brief asserts that counsel for US Bank is in possession of the Note, indorsed in blank. If indeed one of these Interpleader Defendants does possess the note indorsed in blank, that would settle the issue presented by the Adversary Proceeding. Under the Illinois Uniform Commercial Code, a "person in possession of a note payable to bearer is deemed the holder of the instrument, and is entitled to enforcement of the instrument. 810 ILCS 5/1-201(b)(21); 5/3-301. But the pleadings do not establish the parties concerning who possesses the original Note.

The Interpleader Defendants also seek judicial notice to be taken of the Judgment of Foreclosure in state court. Previously, the Interpleader Defendants moved to dismiss for failure to state a claim upon which relief can be granted based on issue preclusion and *Rooker-Feldman*. That motion was denied because the judgment of foreclosure is not yet a final judgment under Illinois law. (Dkts. 36, 38.) Now, the Interpleader Defendants argue that, even though issue preclusion does not apply, it is proper to take judicial notice of the findings leading to the non-final state court Judgment of Foreclosure. However, judicial notice is limited to a fact that is "capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, judicial notice of a prior court proceedings is limited to the fact that the prior proceedings took place, not the legal effect of the adjudicative facts. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th. Cir. 1997). Facts underlying non-final orders are subject to dispute until final judgment is entered. A trial court may not take judicial notice of facts found in a prior proceeding as a way to sidestep the final judgment required to establish issue preclusion. *Id.* at 1083. Therefore, the requested judicial notice cannot have the consequence sought here.

5

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings will be denied by separate order. The proceeding will be set for trial at which the primary (and perhaps sole) issue will be to establish and identify the party that presently holds physical possession of the original and authentic mortgage note and ascertain whether or not it is indorsed in blank.

Dated November 18, 2014

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge