IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEMIRE SCHMEGLAR | ) | Judge Jack Schmetterer |
| | ) | |
| Debtor | ) | Case No. 12-42283 |
| _____ | ) | |
| | ) | |
| LEMIRE SCHMEGLAR | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 14-00121 |
| | ) | |
| PHM FINANCIAL, INC. d/b/a PHM | ) | |
| FINANCIAL SERVICES, DLJ MORTGAGE | ) | |
| CAPITAL, INC. MORTGAGE | ) | |
| ELECTRONIC REGISTRATION SYSTEMS, | ) | |
| INC. US BANK N.A. as TRUSTEE | ) | |
| for CREDIT SUISSE FIRST BOSTON | ) | |
| ARMT 2005-5, , U.S. BANK AS TRUSTEE | ) | |
| FOR ADJUSTABLE RATE MORTGAGE | ) | |
| 2005-5, ADJUSTABLE RATE MORTGAGE | ) | |
| BACKED PASS THROUGH | ) | |
| CERTIFICATES, SERIES 2005-5, | ) | |
| WELLS FARGO, CREDIT SUISSE FIRST | ) | |
| BOSTON MORTGAGE SECURITIES CORP, | ) | |
| ADJUSTABLE RATE MORTGAGE 2005-5 | ) | |
| Defendant. | | |

DEFENDANT'S REQUEST FOR ADMISSIONS

TO:    Crystal V. Sava, Freedman Anselmo Lindberg, LLC 1771 Diehl Road, Suite 120, Naperville, Illinois 60563

Pursuant to Federal Rule of Civil Procedure 36 and Federal Rule of Bankruptcy Procedure 7036, Plaintiff, LeMire Schmeglar ("Plaintiff" or "Schmeglar"), by and through his attorneys at MICHAEL V. OHLMAN, P.C., hereby requests that Defendants, by and through a knowledgeable authorized agent, admit under oath the truth of the following facts and the genuineness of the documents described below.  Plaintiffs are instructed that:

A. Each of the matters of which an admission is requested shall be deemed admitted unless a sworn denial or objection, or both, is served upon the undersigned attorney of record for Defendant within 30 days after service of this request.

B. If in response to any of the following statements of fact, a position is taken that the statement is true in part or as to some items, but not true in full or as to all items, then Plaintiff shall specify so much of it as is true and deny only the remainder.

## DEFINITIONS

A. As used herein,

1. MORTGAGE ELECTRONIC REGISTRATION SERVICE, INC. ("MERS")
2. 2715 NORTH PAULINA, CHICAGO, ILLINOIS 60657 ("PROPERTY").
3. U.S. BANK AS TRUSTEE FOR ADJUSTABLE RATE MORTGAGE 2005-5, ADJUSTABLE RATE MORTGAGE BACKED PASS THROUGH CERTIFICATES, SERIES 2005-5 ("ARMT 2005-5")
4. AMERICA'S SERVICING COMPANY ("ASC").

B. **"Plaintiff"** means LeMire Schmeglar.

C. **"Complaint"** means the Complaint filed by Plaintiff against Defendant..

D. The term **"Person"** means and includes any natural person, governmental entity, partnership, firm, private, non-profit, not-for-profit, or public corporation, association, joint venture, trust, trustee, or other legal entity.

## Claims of Privilege

In the event that Defendant asserts a privilege as to all or any portion of an Interrogatory, Defendant is hereby instructed to set forth the legal basis for each privilege. Specifically, Defendant must identify each withheld document or piece of information by type (*i.e.*, attorney-client privileged information, letter, memorandum, e-mail, etc.), date,

general subject matter, author, designated recipient, if any, and the legal basis for each assertion of privilege.

1. Admit that the assignment from MERS to USB NA as Trustee for ARMT 2005-5 was recorded on September 14, 2012.

2. Admit that the name on the foreclosure judgment is US Bank National Assoc, as Trustee for CSFB ARMT 2005-5

3. Admit that there is no written permission for ASC to act on behalf of ARMT 2005-5.

4. Admit that the Plaintiff in this matter has submitted over 20 loan modifications.

5. Admit that there is no written permission for Wells Fargo to act on behalf of ARMT 2005-5.

6. Admit that there is no written permission for Wells Fargo to act on behalf of Credit Suisse First Boston Mortgage Securities Corp.

7. Admit that there is no written permission for Wells Fargo to act on behalf of Credit Suisse First Boston ARMT 2005-5.

8. Admit that the subject loan is not in default to USBT ARMT 2005-5.

9. Admit that the name on the Assignment filed by MERS relating to the subject property on September 14, 2012 is assigned to
Assignee: US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR ADJUSTABLE RATE MORTGAGE TRUST 2005-5, ADJUSTABLE RATE MORTGAGE BACKED PASS THROUGH CERTIFICATES, SERIES 2005-5 at 4801 FREDERICA STREET, OWENSBORO, KY  42301

10. Admit that Bank of America, NA formerly LaSalle Bank, NA is the custodian of documents for the USB Trust ARMT 2005-5.

11. Admit that the Trust is governed by the terms of the PSA.

12. Admit that CSFB ARMT 2005-5 is the lienholder of the subject property,

13. Admit that ARMT 2005-5 is the lienholder of the subject property.

14. Admit that a judgment for foreclosure was granted to USB Trust ARMT 2005-5.

15. Admit that Wells Fargo is the servicer for USB Trust ARMT CSFB 2005-5.

16. Admit that Wells Fargo is the servicer for USB Trust CSFB ARMT 2005-5.

17. Admit that CSFB was the depositor of the subject Note into the trust ARMT 2005-5.

18. Admit that the legal name for the trust that owns the Plaintiff's mortgage and note is "Adjustable Rate Mortgage Trust 2005-5.".

By:    /s/ Michael V. Ohlman

Michael V. Ohlman #6294512
MICHAEL V. OHLMAN, P.C.
55 West Monroe, Suite 2370
Chicago, Illinois 60603
(847)406-0022 phone
mvohlman@ohlmanlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| LEMIRE SCHMEGLAR ) | Judge Jack Schmetterer |
| ) | |
| Debtor ) | Case No. 12-42283 |
| _____ ) | |
| ) | |
| LEMIRE SCHMEGLAR ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 14-00121 |
| ) | |
| PHM FINANCIAL, INC. d/b/a PHM ) | |
| FINANCIAL SERVICES, DLJ MORTGAGE ) | |
| CAPITAL, INC. MORTGAGE ) | |
| ELECTRONIC REGISTRATION SYSTEMS, ) | |
| INC. US BANK N.A. as TRUSTEE ) | |
| for CREDIT SUISSE FIRST BOSTON ) | |
| ARMT 2005-5, , U.S. BANK AS TRUSTEE ) | |
| FOR ADJUSTABLE RATE MORTGAGE ) | |
| 2005-5, ADJUSTABLE RATE MORTGAGE ) | |
| BACKED PASS THROUGH ) | |
| CERTIFICATES, SERIES 2005-5, ) | |
| WELLS FARGO, CREDIT SUISSE FIRST ) | |
| BOSTON MORTGAGE SECURITIES CORP, ) | |
| ADJUSTABLE RATE MORTGAGE 2005-5 ) | |
| Defendant. | |

**PLAINTIFF'S FIRST DOCUMENT PRODUCTION REQUEST**

Plaintiff, LeMire Schmeglar ("Plaintiff"), by and through his counsel at MICHAEL V. OHLMAN, P.C., and pursuant to Federal Rule of Civil Procedure 34 and Bankruptcy Rule 7034, requests that Defendants produce the following documents for inspection and copying within 28 days of service at the offices of Michael V. Ohlman P.C. 308 West Erie, Suite 300, Chicago, IL 60654:

## INSTRUCTIONS

1. Objections. If you object to, or claim any immunity or privilege with respect to any part of Plaintiff's First Request for Production of Documents to Defendant, you are to furnish Plaintiff with a numerical list and description of those documents with respect to which the objections made, indicating the following:

    (a) The name or names of the author or initiator of the Document, if any;

    (b) The name of the recipient, addresses or party for whom such Document was intended, and the parties to whom copies were sent, if any;

    (c) The date of the Document or the date on which the Document originated, if undated;

    (d) A general description of the subject matter of the Document or other description sufficient to identify the Document; and

    (e) The nature of the privilege claimed or the ground for the objection asserted.

2. Dates covered: All document production requests are deemed to request information for the time period January 2000 until the present.

3. Singular and Plural. The singular shall include the plural, and the plural shall include the singular.

4. Present and Past Tense. All document requests, regardless of the tense in which they are phrased, shall be construed to be phrased in the past, present and future tense.

5. A masculine, feminine, or neuter pronoun shall include all genders.

6. Each request shall extend to all documents that are or have been in the possession or subject to the control of Defendant or its agents, attorneys, or representatives during the relevant time period. If any requested document was, but no longer is, in your

possession or subject to your control, or is no longer in existence, state whether any such document is:

    a.    missing or lost;

    b.    destroyed;

    c.    transferred to others and, if so, to whom; or

    d.    otherwise disposed of (specify)

In the case of the foregoing instances, set forth the surrounding circumstances and any authorization for the latter three dispositions, the date or best approximate date of any such disposition, and if known, the present location and custodian of any such documents.

## DEFINITIONS

A. Unless otherwise stated, or unless the request is designated "at any time," documents are to be produced from the time period January 2000 until the filing of Plaintiff's Complaint. The phrase "at any time" refers to the time at which such documents were originally generated to the present.

B. "Date" means the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events).

C. "Person" shall mean any individual, corporation, proprietorship, partnership, association or any other entity.

D. It is understood that throughout this <u>First Request for Production of Documents to Defendants</u>, including the definition of terms, the words used in the masculine gender include the feminine and the words used in the singular include the plural. Where the word "or" appears herein, the meaning intended is the logical inclusive "or" i.e., "and/or". Where the word "include" or including" appears, the meaning intended is "including, but not limited to".

E. The word "documents" means all written or graphic matter of every kind and description, however produced, whether draft or final, original or reproduction, including but not limited to: letters, correspondence, memoranda, minutes, notes, transcripts, contracts, agreements, memoranda of telephone conversations or personal conversations, diaries or material similar to any of the foregoing, wherever denominated, checks and invoices which are in the possession, custody or control of the defendant or to which the defendant has, has had, or can obtain access, audit reports, receipts, deposit slips, negotiable instruments, account ledgers, bank statements, computer data (whether on printouts, floppy discs or main-frame electronic memory), and every kind of photographic reproduction, including microfilm and microfiche.

F. "Refer to" or "relate to" will derive their meaning from the context of the question, and may mean, as applicable, constitute, contain, support, modify, contradict, criticize, discuss, mention, describe, made in connection with, or arise from.

G. All other words are to be given their customary and conventional meaning in context.

H. "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other form of verbal intercourse whether oral or written.

I. "Refer to" or "relate to" will derive their meaning from the context of the question, and may mean, as applicable, constitute, contain, support, modify, contradict, criticize, discuss, mention, describe, made in connection with, or arise from.

J. All other words are to be given their customary and conventional meaning in context.

    K.    The production requests are directed to Defendants as *pro se* Defendants and Debtors.

    L.    Unless otherwise stated, production request is for documents from January 2004 until the filing of Plaintiff's Complaint.

    M.    Unless otherwise state, "Mortgage" refers to the mortgage subject to this interpleader action and attached to the Interpleader Complaint.

    N.    Unless otherwise stated, "Note" refers to the promissory note subject to this interpleader action and attached to the Interpleader Complaint.

<u>DOCUMENT PRODUCTION REQUESTS:</u>

1. Produce any and all documents that govern the terms of ARMT 2005-5.

2. Produce any and all documents that govern the terms of US Bank as Trustee for Credit Suisse First Boston ARMT 2005-5.

3. Produce any and all written declaration of default from ARMT 2005-5.

4. Produce any and all written declaration of default from US Bank as Trustee for Credit Suisse First Boston ARMT 2005-5.

5. Produce all evidence or documents that show that USB as Trustee has the right to act on behalf of ARMT 2005-5.

6. Produce all evidence or documents that show that USB as Trustee has the right to act on behalf of US Bank as Trustee for Credit Suisse First Boston ARMT 2005-5.

7. Produce all evidence or documents that show that USB as Trustee has the right to act on behalf of behalf of "Credit Suisse First Boston ARMT 2005-5".

8. Produce all assignments from the date the mortgage was signed until the present.

9. Produce any and all documents that evidence Wells Fargo's authority to act as servicer on behalf of ARMT 2005-5.

10. Produce any and all documents that evidence Wells Fargo's authority to act as servicer on behalf of "US Bank as Trustee for Credit Suisse First Boston ARMT 2005-5."

11. Produce any and all documents that evidence Wells Fargo's authority to act as servicer on behalf of "Credit Suisse First Boston Mortgage Security Corp."

12. Produce any and all documents that evidence Wells Fargo's authority to act on behalf of any entity that claims an ownership in the Note or Mortgage.

13. Produce all documents showing ARMT 2005-5 is a legal entity with authority to do business in Illinois.

14. Produce all documents showing US Bank as Trustee for Credit Suisse First Boston ARMT 2005-5 is a legal entity with authority to do business in Illinois.

15. Produce the Custodian's reports showing the complete history of the subject note and mortgage with all detailed transactions.

16. Produce all Service Level reports on the subject loan.

17. Produce all correspondence between the Plaintiff and the Defendants related to the Mortgage and Note.

18. Produce all correspondence between Wells Fargo and any entity that claims or has claimed an interest in the Mortgage and Note related to the Mortgage and Note.

19. Produce a log of all payments made by Wells Fargo to any entity that claims or has claimed an interest in the Mortgage and Note.

20. Produce all communications between the Defendants regarding the Mortgage and Note in this suit.

21. Produce all documents giving MERS the authority to assign the mortgage and loan in this suit.

22. Produce all allonges regarding the Mortgage and Note.

23. Produce any and all documents in any format that reference the Mortgage and Note in this suit.

24. Produce the employment history and human resources file for Ryan Amato during his employment at Wells Fargo and MERS.

By:     /s/ Michael V. Ohlman

Michael V. Ohlman #6294512
MICHAEL V. OHLMAN, P.C.
55 West Monroe, Suite 2370
Chicago, Illinois 60603
(847)406-0022 phone
mvohlman@ohlmanlaw.com