# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEMIRE SCHMEGLAR | ) | Judge Jack Schmetterer |
| | ) | |
| Debtor | ) | BK Case No. 12-42283 |
| | ) | |
| LEMIRE SCHMEGLAR, | ) | |
| | ) | AP Case No. 14-00121 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PHM FINANCIAL, INC. d/b/a PHM | ) | |
| FINANCIAL SERVICES, DLJ MORTGAGE | ) | |
| CAPITAL, INC. MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC. US BANK | ) | |
| N.A. as TRUSTEE for CREDIT SUISSE | ) | |
| FIRST BOSTON ARMT 2005-5, , U.S. BANK | ) | |
| AS TRUSTEE FOR ADJUSTABLE RATE | ) | |
| MORTGAGE 2005-5, ADJUSTABLE RATE | ) | |
| MORTGAGE BACKED PASS THROUGH | ) | |
| CERTIFICATES, SERIES 2005-5, WELLS | ) | |
| FARGO, CREDIT SUISSE FIRST BOSTON | ) | |
| MORTGAGE SECURITIES CORP, | ) | |
| ADJUSTABLE RATE MORTGAGE 2005-5 | ) | |
| | ) | |
| Defendants. | ) | |

## **NOTICE OF MOTION**

TO:   Lemire Schmeglar, 2715 North Paulina, Chicago, IL 60614
      Michael V Ohlman, Michael V. Ohlman, P.C., 55 West Monroe, Suite 2370 Chicago, IL 60603
      U.S. Trustee, Patrick S Layng, Office of the U.S. Trustee, Region 11, 219 S Dearborn St Room 873, Chicago, IL 60604

PLEASE TAKE NOTICE that January 12, 2015 at 10:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jack B. Schmetterer or any judge sitting in his stead, in the courtroom usually occupied by him in Room 682 at 219 South Dearborn, Chicago, IL 60604 and move to present the attached Motion.

      /s/ Crystal V. Sava
      Attorney for Defendants

## PROOF OF SERVICE

THE UNDERSIGNED, being first duly sworn on oath, deposes and says that he/she served a copy of this notice by mailing a copy to the above named party(ies) at the above named address(es) and depositing the same in the U.S. Mail at Naperville, Illinois 60563, with postage prepaid, on January 7, 2015.

      /s/ Jennell Powell

FREEDMAN ANSELMO LINDBERG, LLC
1771 W. Diehl Road, Suite 150
Naperville, IL 60563-4947
630-453-6960  866-402-8661  630-428-4620 (fax)
B14030058

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEMIRE SCHMEGLAR | ) | Judge Jack Schmetterer |
| | ) | |
| Debtor | ) | |
| | ) | |
| LEMIRE SCHMEGLAR, | ) | BK Case No. 12-42283 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | AP Case No. 14-00121 |
| | ) | |
| PHM FINANCIAL, INC. d/b/a PHM | ) | |
| FINANCIAL SERVICES, DLJ MORTGAGE | ) | |
| CAPITAL, INC. MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC. US BANK | ) | |
| N.A. as TRUSTEE for CREDIT SUISSE | ) | |
| FIRST BOSTON ARMT 2005-5, , U.S. BANK | ) | |
| AS TRUSTEE FOR ADJUSTABLE RATE | ) | |
| MORTGAGE 2005-5, ADJUSTABLE RATE | ) | |
| MORTGAGE BACKED PASS THROUGH | ) | |
| CERTIFICATES, SERIES 2005-5, WELLS | ) | |
| FARGO, CREDIT SUISSE FIRST BOSTON | ) | |
| MORTGAGE SECURITIES CORP, | ) | |
| ADJUSTABLE RATE MORTGAGE 2005-5 | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S REQUEST FOR ADMISSIONS, OR, IN THE ALTERNATIVE, TO WITHDRAW ADMISSIONS**

NOW COME Defendants, US Bank, N.A., as Trustee for Credit Suisse First Boston ARMT 2005-5 also sued as U.S. Bank National Association, as trustee for Adjustable Rate Mortgage Trust 2005-5, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-5; Wells Fargo Bank, N.A., incorrectly sued as Wells Fargo; Mortgage Electronic Registration Systems, Inc., by and through their attorneys, Freedman Anselmo Lindberg, LLC, and moves for the entry of an order pursuant to Rule 36(b) of the Federal Rules of Bankruptcy

Procedure extending the time to respond to Plaintiff's requests for admissions or, in the alternative, withdrawing Defendant's admissions, and in support thereof respectfully states as follows:

I.  **INTRODUCTION**

1. On or about August 19, 2014, Defendants received Plaintiff's Request for Admissions together with a request for production of documents. The requests allotted Defendants 30 days to respond to Plaintiff's request. A copy of those requests is attached hereto as Exhibit "A".

2. On September 19, 2014 (within the 30 days allotted by the discovery requests), Defendants filed a Motion to Stay Discovery. On September 26, 2014, this Honorable Court entered an order staying all discovery pending the Court's ruling on Defendant's motion for judgment on the pleadings.

3. At the time of entry of the September 26, 2014 order, Attorney John Blatt of Freedman Anselmo Lindberg was the primary attorney assigned to this case, and he was to prepare responses to Plaintiff's requests for admissions.

4. However, on October 7, 2014, Plaintiff filed a motion to disqualify John Blatt.

5. On October 16, 2015, Honorable Judge Schmetterer advised Mr. Blatt in court to cease his work on this case pending ruling on Plaintiff's motion and advised that he was not to confer with other attorneys at Freedman Anselmo Lindberg regarding this case. Mr. Blatt complied with this Court's directives.

6. On November 14, 2014, this Honorable Court ruled that John Blatt was disqualified from participation in these proceedings.

7. On November 18, 2014, this Honorable Court denied Defendant's motion for judgment on the pleadings and entered an order lifting the stay on discovery. When counsel for Plaintiff requested this Honorable Court enter a date-certain for discovery production, this Court declined to set a date and only set a status for January 20, 2015.

8. Defendants' responses to the requests are attached hereto and marked as Exhibit "B".

9. As indicated in Defendants' responses, of the 18 individual requests for admission, Defendants admitted only part of Request #9 and denied the remainder of the request. Defendants specifically denied 2 requests (numbers 1 and 18). Further, Defendants objected to 15 of the requests due to relevance, requesting legal conclusions, vagueness, broadness, and/or contradictions contained within the requests (numbers 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, and 17), and, without waiving their objection, Defendants denied those requests.

10. Due to the disqualification of Mr. Blatt and because discovery was stayed until this Court's ruling on Defendant's dispositive motion, counsel for Defendant inadvertently failed to timely respond to Plaintiff's requests for admissions. Defendant's failure to timely respond to the requests was not due to conscious indifference but, rather, to excusable error.

11. As explained below, the Court should enlarge the time for Defendants to submit their Responses to Plaintiff's requests for admissions, or, in the alternative, the admissions should be withdrawn and the responses attached as Exhibit "B" should be deemed as timely.

**II.    ARGUMENT**

12. Pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, , which is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7036, this Court can award additional time to Defendants to respond to Plaintiff's requests for admission.

13.     Because this Court lifted the stay on discovery but did not set a date-certain for discovery to be produced, Defendants request this Honorable Court extend the time to submit the responses to Plaintiff's requests for admission.

14.     In the alternative, if this Court determines that Plaintiff's requests are already deemed admitted, Federal Rule of Civil Procedure 36(b), which is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7036, provides in relevant part as follows:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

15.     It is well-established that under the rule governing requests for admission, the court has the discretion to excuse a litigant from its admissions when presentation of the merits will be aided and no prejudice to the party obtaining the admission will result. *Donovan v. Carls Drug Co.,* 703 F.2d 650, 651-52 (2d Cir. 1983); *Local Union No. 38, Sheet Metal Workers' Intern. Ass'n, AFL-CIO v. Tripodi*, 913 F.Supp. 290 (S.D.N.Y.1996).

16.     As noted above, Defendants objected to 15 of the requests and, without waiving the objections, denied those requests. Further, Defendants specifically denied two other requests. To provide specific examples, request number 12 requests that Defendants "admit that CSFB ARMT 2005-5 is the lienholder of the subject property" and request number 13 requests that Defendants "admit that ARMT 2005-5 is the lienholder of the subject property." Defendants objected to these requests as both call for legal conclusions and the requests are contradictory. Further, the only entity which has claimed to be the holder of the duly-endorsed Note (through

its attorneys, Freedman Anselmo Lindberg, LLC) is U.S. Bank National Association, as trustee for Adjustable Rate Mortgage Trust 2005-5, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-5. Further, an assignment of the mortgage related to the subject property in this proceeding was recorded on September 14, 2011 and assigned said mortgage to U.S. Bank National Association, as trustee for Adjustable Rate Mortgage Trust 2005-5, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-5. However, request numbers 1 and 9 request that Defendants admit said Assignment was recorded on September 14, 2012, which is clearly not accurate. These requests to admit, if deemed admitted by this court through default, are contradictory and go to the heart of Plaintiff's adversary complaint, which seeks to determine which entity is the lienholder of the underlying security instruments.

17. Here, enlarging the time to submit Defendants' responses to the requests to admit or, in the alternative, permitting Defendants to withdraw the default-admissions and submit their responses attached as Exhibit "B", would promote the presentation of the merits of this case by permitting Defendants to dispute these central issues, which have been disputed from the very onset of this litigation.

18. Further, the Plaintiff cannot demonstrate that he would be prejudiced with the withdrawal of the admissions.

19. The non-moving party, here the Plaintiff, bears the burden of showing that withdrawal of the admissions would prejudice it. *Donovan v. Carls Drug Co.,* 703 F.2d 650, 651-52 (2d Cir. 1983). It is respectfully submitted that the Plaintiff here will not be able to meet that burden.

20. In order to show that he would be prejudiced if this Court were to deem Defendants' responses as timely and permit Defendants to withdraw its admissions, Plaintiff

must demonstrate that it detrimentally relied on the admissions. *Upchurch v. USTNET, Inc.*, 160 F.R.D. 131, 133 (D. Or. 1995). The Plaintiff must show how difficult it would be to obtain evidence with respect to the questions previously deemed admitted. *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (quoting *Brook Village North Assocs. V. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982).

21. The requests which were objected to and/or denied all deal with factual allegations that the Plaintiff has known throughout the litigation have been denied by Defendants. Additionally, said requests and the responses thereto can be obtained through discovery. Therefore, Defendants' responses to these requests for admissions should come as no surprise to the Plaintiff.

22. The requests by Plaintiff which involve genuine issues of fact and the application of law to those facts are best resolved by this Honorable Court after much (or all) of the discovery for this case has been completed.

23. Requests for admission are frequently used near the end of fact-discovery and can serve to narrow and simplify issues for trial. "The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997).

24. As discovery in this case is not yet completed and trial has not been set, Plaintiff will not be prejudiced by an order granting the instant motion.

### III. CONCLUSION

25. For all the reasons stated above, Defendants respectfully request this Honorable Court enter an order:

    a. Extending the time for Defendants to submit its response to Plaintiff's requests for admission;

    b. In the alternative, allowing Defendants to withdraw the default-admissions and deeming Defendants' response to Plaintiff's requests for admissions as timely.

    c. For such further relief as this Court deems just.

Respectfully submitted this 7th day of January, 2015,

US Bank, N.A., as Trustee for Credit Suisse First Boston ARMT 2005-5 also sued as .S. Bank National Association, as trustee for Adjustable Rate Mortgage Trust 2005-5, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-5; Wells Fargo Bank, N.A., incorrectly sued as Wells Fargo; Mortgage Electronic Registration Systems, Inc.

By: /s/ Crystal V. Sava
       Attorney for Defendants

Crystal V. Sava, ARDC 6300765
FREEDMAN ANSELMO LINDBERG, LLC
1771 W. Diehl Road, Suite 150
Naperville, IL 60563-4947
630-453-6960 866-402-8661 630-428-4620 (fax)
B14030058