# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| LEMIRE SCHMEGLAR | Judge Jack Schmetterer |
| Debtor | |
| | BK Case No. 12-42283 |
| LEMIRE SCHMEGLAR, | |
| | AP Case No. 14-00121 |
| Plaintiff, | |
| v. | |
| PHM FINANCIAL, INC. d/b/a PHM FINANCIAL SERVICES, DLJ MORTGAGE CAPITAL, INC. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. US BANK N.A. as TRUSTEE for CREDIT SUISSE FIRST BOSTON ARMT 2005-5, , U.S. BANK AS TRUSTEE FOR ADJUSTABLE RATE MORTGAGE 2005-5, ADJUSTABLE RATE MORTGAGE BACKED PASS THROUGH CERTIFICATES, SERIES 2005-5, WELLS FARGO, CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP, ADJUSTABLE RATE MORTGAGE 2005-5 | |
| Defendants. | |

**REPLY TO PLAINTIFF'S RESPONSE REGARDING MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S REQUSET FOR ADMISSIONS OR, IN THE ALTERNATIVE, TO WITHDRAW ADMISSIONS**

NOW COMES Defendants, US Bank, N.A., as Trustee for Credit Suisse First Boston ARMT 2005-5 also sued as U.S. Bank National Association, as trustee for Adjustable Rate Mortgage Trust 2005-5, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-5; Wells Fargo Bank, N.A., incorrectly sued as Wells Fargo; Mortgage Electronic Registration Systems, Inc., by and through their attorneys, Freedman Anselmo Lindberg, LLC, and in reply to Plaintiff's response, states as follows:

1

### I. Plaintiff's Response should be disallowed as untimely

On January 12, 2015, this Honorable Court entered an Order setting a briefing schedule on Defendants' Motion to Extend Time to Respond to Plaintiff's Request for Admissions, or, in the Alternative, to Withdraw Admissions. Pursuant to said Order, Plaintiff was granted 7 days to file a Response to Defendants' Motion (i.e., by January 19, 2015). *See Docket No. 118, ¶ A*.

Plaintiff untimely filed his Response on January 20, 2015 at approximately 10:37 p.m. *See Docket No. 120*. Further, Plaintiff failed to request additional time for leave to file his response prior to the deadline of January 19, 2015. Accordingly, Plaintiff's Response should be disallowed as untimely filed.

### II. Plaintiff's discovery requests were timely extended and/or stayed by this Court

In the event this Court allows Plaintiff's untimely filed response and for the sake of judicial economy, Defendants further reply to the allegations of Plaintiff's Response.

Plaintiff's response materially misrepresents the history of discovery in this case and would incorrectly lead this Court to believe that discovery response are "over 154 days" past due. In Defendants' underlying motion, Defendants inadvertently misstated that discovery was initially received on August 19, 2014. Discovery was initially served on or about July 22, 2014 to Defendants. On August 22, 2014 (within the 30 days allotted by the discovery requests), Defendants filed a Motion to Extend Deadline to Respond to Discovery. On August 25, 2014, this Honorable Court entered an Order granting Defendants' motion and extending discovery to September 19, 2014. A copy of said Order is attached hereto and marked as **Exhibit A.**

On September 19, 2014, Defendants filed a Motion to Stay Discovery, which was granted by this Honorable Court on September 26, 2014. All discovery was stayed pending the Court's

ruling on Defendants' motion for judgment on the pleadings. A copy of said Order is attached hereto and marked as **Exhibit B.**

Discovery was properly and timely extended and/or stayed by this Court. Due to this, the discovery requests cannot be considered "over 154 days" past due, as Plaintiff would incorrectly have this Court believe. Further, Defendants' "excusable error" with respect to Attorney Blatt is pertinent and applicable given the extensions and/or staying of discovery in this case.

In addition to the above, Plaintiff's argument regarding the deadline is not relevant as Defendants' alternative prayer for relief requests this Honorable Court permit Defendants to withdraw the default-admissions and submit their responses as timely as there is no prejudice to Plaintiff in allowing such relief.

### III. Plaintiff is not prejudiced by the granting of Defendants' motion

As previously argued in Defendants' underlying motion, it is well-established that under the rule governing requests for admission, the court has the discretion to excuse a litigant from its admissions when presentation of the merits will be aided and no prejudice to the party obtaining the admission will result. *Donovan v. Carls Drug Co.,* 703 F.2d 650, 651-652 (2d Cir. 1983); *Local Unijon No. 38, Sheet Metal Workers' Intern. Ass'n, AFL-CIO v. Tripodi*, 913 F.Supp. 290 (S.D.N.Y. 1996). Plaintiff's response also cites *U.S. v. Kasuboski,* 834 F.2d 1345, 1350 (7th Cir. 1987), which only serves to further Defendants' position that the default-admissions should be withdrawn and their actual responses submitted as this would promote the presentation of the merits of this case.

The Requests for Admission submitted by Plaintiff involve genuine issues of fact and the application of law to those facts are best resolved by this Honorable Court. The requests which were objected to and/or denied all deal with factual allegations that the Plaintiff has known

3

throughout the litigation to have been denied by Defendants and the requests can be obtained through discovery. That being said, this Court has already ruled that the only issue in this adversary proceeding is the determination of which entity properly holds the Note and is entitled to enforce same. On January 22, 2015, following a hearing on Plaintiff's Motion to Compel Discovery, this Honorable Court ruled that the vast majority of discovery being requested by Plaintiff was irrelevant and did not pertain to the sole issue at-hand. With the exception of only one discovery request, Plaintiff's Motion to Compel was denied. A copy of the January 22, 2015 Order is attached hereto and marked as **Exhibit C.**

Plaintiff, as the non-moving party, completely fails to provide any explanation as to how he would be prejudiced if the Defendants are permitted to submit their Response to Plaintiff's Requests for Admission. Plaintiff simply makes a blanket statement that he "will be prejudiced" but fails to substantiate the claim or demonstrate that he detrimentally relied on any admissions. Plaintiff has also failed to show how difficult it would be to obtain evidence with respect to the questions previously deemed admitted by default.

Due to the above, Defendants' request this Honorable Court extend the time for Defendants to submit its response to Plaintiffs' request for admission, or, in the alternative, allowing Defendants to withdraw the default-admissions and deeming Defendants' response to Plaintiffs' requests for admissions as timely.

### IV. *Jones v. Wells Fargo Home Mortgage, Inc.* is irrelevant and should be disregarded

Plaintiff's response cites the case of *Jones v. Wells Fargo Home Mortgage, Inc.*, 489 B.R. 645 (E.D. La. 2013) in a footnote to his Response and attaches the case to his Response. However, Plaintiff utterly fails to demonstrate or argue its relevance to the case at hand. Said case is completely unrelated to this case at hand, is not influential to the sole issue presented before this

4

Court regarding the proper lienholder, and, accordingly, should be wholly disregarded by this Court as to this adversary proceeding.

### V. Conclusion

WHEREFORE, Defendants' request this Honorable Court enter an order:

1. Disallowing Plaintiff's Response as untimely filed.

2. Grant Defendants' Motion to Extend Time to Respond to Plaintiff's Request for Admissions, or, in the Alternative, to Withdrawn Admissions and the requests contained therein.

Respectfully submitted this 26th day of January, 2015,

US Bank, N.A., as Trustee for Credit Suisse First Boston ARMT 2005-5 also sued as U.S. Bank National Association, as trustee for Adjustable Rate Mortgage Trust 2005-5, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-5; Wells Fargo Bank, N.A., incorrectly sued as Wells Fargo; Mortgage Electronic Registration Systems, Inc.

By:     /s/ Crystal V. Sava
           One of their Attorneys

Crystal V. Sava, 6300765
ccaceres@fallaw.com
FREEDMAN ANSELMO LINDBERG LLC
1771 W. Diehl Rd., Ste 150
Naperville, IL 60563-4947
630-453-6960 866-402-8661
630-428-4620 (fax)
B14030058

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**